|157  593|
|163  491|

THE WEST CHICAGO STREET RAILWAY COMPANY

*v.*

CHARLES BURTON PHILLIPS LYONS.

*Filed at Ottawa October 11, 1895.*

1. APPEALS AND ERRORS—*when refusal of peremptory instruction for defendant is not error.*  Refusal of a peremptory instruction for defendant, in an action for personal injury. is not error, where there is evidence which, with all its inferences, fairly tends to sustain the verdict and judgment.

2. SAME—*credibility of testimony not a question for the Supreme Court.*  There being evidence to sustain the judgment of the trial court in a personal injury case, its credibility will not be considered by the Supreme Court.

*West Chicago Street Railway Co.* v. *Lyons,* 57 Ill. App. 536, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

EGBERT JAMIESON, and VAN VECHTEN VEEDER, for appellant.

ERNEST DALE OWEN, and MALCOLM DALE OWEN, for appellee.

157—38

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an action on the case, by appellee, against appellant, begun in the circuit court of Cook county, to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. He recovered a judgment for $3000 and costs of suit, which, on appeal, has been affirmed by the Appellate Court for the First District.

The only point made in this court is, "the court should have instructed the jury, as requested, to find the defendant not guilty." It is conceded, as it must be in view of the long line of our decisions, that the only question thus raised is, whether there is any evidence which, with all its inferences, fairly tends to sustain the verdict and judgment below. (*Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242, and cases there cited.) It is not denied, in this case, that the evidence of the plaintiff, testifying in his own behalf, so tends, and, *prima facie*, sustains the allegations of his declaration; but it is insisted that in the light of the other testimony introduced upon the trial, and the circumstances surrounding the case, his testimony is entitled to no credit. That, however, was a question for the jury, and not for the court. As was said in the case above cited (p. 252): "The weight and degree of credit to be given to evidence fall within the province of the jury, and when their finding of fact has been approved by the trial court and its judgment affirmed in the Appellate Court, the only question raised in this court by an instruction seeking to take the case from the the jury is, was there any evidence fairly tending to establish a right of recovery by the plaintiff. If there was, the finding of the trial and Appellate Courts is conclusive as to its sufficiency to support the verdict."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*